IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

    Plaintiff,                No. 2:13-cv-0219 JAM AC PS

   vs.

WILLIAM CROW, *et al.*,        ORDER AND

    Defendants.          FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in
2  fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
3  28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.
5  Neitzke, 490 U.S. at 327.

6  A complaint, or portion thereof, should only be dismissed for failure to state a
7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8  of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
9  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
11  complaint under this standard, the court must accept as true the allegations of the complaint in
12  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15  In the complaint filed February 5, 2013, plaintiff brings this purported "class of
16  one" class action against attorney William Crow, Judge Paul Coan, and plaintiff's son's mother,
17  Crystal Archer. In this ongoing child custody and support dispute between plaintiff and Archer,
18  plaintiff here accuses Crow of drafting an illegal stipulated agreement on September 17, 2001
19  that violated California law with respect to child support payments. Plaintiff also accuses Judge
20  Coan of signed the agreement without holding a hearing on October 25, 2001. Plaintiff brings
21  suit for violations of his due process and equal protection rights protected by the Fourteenth
22  Amendment; conspiracy to deprive plaintiff of child support payments, violation of the Civil
23  Rights Act of 1964, 42 U.S.C. § 1983; and violations of 42 U.S.C. §§ 1981 and 1985. Plaintiff
24  seeks $40,490 in back child support.

25  Without considering the merits of plaintiff's claims, the court finds them all to be
26  time-barred. Generally, federal law determines when a claim accrues, and "[u]nder federal law,

a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  Here, plaintiff knew or had reason to know of the conduct of Crow and Coan in 2001, when Coan signed the stipulated agreement prepared by Crow that determined the child support payments plaintiff was to receive from Archer.  Thus, his claims began to accrue in 2001.

Having accrued in 2001, all of plaintiff's claims are barred by the statute of limitations.  Initially, plaintiff brings suit for violations of his due process and equal protection rights, but the mechanism through which plaintiff may assert these claims is § 1983.  See Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).  Section 1983, in turn, contains no specific statute of limitation.  Therefore, federal courts should apply the forum state's statute of limitations for personal injury actions.  Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914.  Although California's statute of limitations for personal injury actions was extended from one year to two years effective January 1, 2003, the two-year statute of limitations does not apply retroactively to claims that accrued prior to January 1, 2003, and as a result, the one-year statute of limitations applies in this case.  Cal. Civ. Proc. Code § 335.1 (West 2008); Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.  Plaintiff's § 1981 and § 1985 claims are similarly barred, as they, too, are subject to the same statute of limitations as § 1983 claims.  See Taylor v. Regents of Univ. of California, 993 F.2d 710, 711 (9th Cir.1993) (holding California's "statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985").

As there are no facts in the complaint to justify tolling of the statute of limitations, this action should be dismissed without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis is granted; and

////

1  IT IS HEREBY RECOMMENDED that this action be dismissed without leave to
2  amend.
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
5  days after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties. Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
8  shall be served and filed within fourteen days after service of the objections. The parties are
9  advised that failure to file objections within the specified time may waive the right to appeal the
10 District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: May 6, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

16 /mb;todd0219.ifp.grant.dism